UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MELVIN SPENCER,
Plaintiff,
v.
CITY OF SAN DIEGO,
Defendant.

Case No.: 26-CV-4189 TWR (DEB)

**ORDER (1) GRANTING PLAINTIFF'S RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)**

(ECF No. 2)

Presently before the Court is Plaintiff Melvin Spencer's renewed Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 4). As the Court previously informed Plaintiff, (*see* ECF No. 3 at 2–3), all parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $405.[1] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobedo*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Although Plaintiff's second affidavit is also incomplete, Plaintiff does indicate that his "monthly income is well below [his] monthly expenses," (*see* IFP Mot. at 3[2]); he is "in extreme financial hardship," (*see id.* at 6); and "[a]ll [his] money goes to bills, food, & gas." (*See id.*) The Court therefore concludes that Plaintiff has met his burden of demonstrating that paying the $405 filing fee will result in his inability to afford the necessities of life and **GRANTS** Plaintiff's renewed IFP Motion (ECF No. 4).

This does not, however, end the Court's inquiry. Having granted Plaintiff's IFP Motion, the Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, courts shall review and *sua sponte* dismiss any complaint or part thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Pursuant to Rule 8, a pleading must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for

---

[2] Because the pages of Plaintiff's IFP Application have been filed out of order, the Court refers to CM/ECF's pagination appearing in the top, righthand corner of each page.

determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff's Complaint provides, in its entirety:

> I started working for the City of San Diego in the Park & Recreation Department 8/19–8/23.
>
> I repeatedly experienced racism, nepotism, favoritism, verbal abuse & denied employment opportunities.
>
> I was ultimately terminated based on erroneous lies, that led to my termination in 8/23.
>
> . . .

> I want a court hearing with a jury to state all my facts to support my innocence. I accumulated from 8/19–8/23 during those 4 years[.] I have plenty of factual evidence to expose their lies & deceit against me.

(*See* ECF No. 1 ("Compl.") at 2–3.) While Plaintiff's Complaint certainly complies with Rule 8(a)(2)'s directive that it contain "a short and plain statement of the claim," the Court see several issues with Plaintiff's Complaint as currently pleaded.

First, it is unclear whether Plaintiff is asserting his claims under California or federal law. For purposes of this Order, the Court assumes that Plaintiff is proceeding under federal law because the Court would otherwise be without subject-matter jurisdiction; however, to the extent Plaintiff intends to assert all of his claims under California law, he should refile this action in the Superior Court of California for the County of San Diego.

Second, because Plaintiff is alleging claims for discrimination, harassment, and/or wrongful termination, he was required to file an administrative complaint with the U.S. Equal Employment Opporunity Commission ("EEOC") or California Civil Rights Department ("CRD," formerly the California Department of Fair Employment and Housing) before filing this lawsuit. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (citing *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994)). The claim generally "must be filed within 300 days of the claimed event of discrimination" with the EEOC, *see id.* (citing 42 U.S.C. § 2003e-5(e)), or "within one year of the alleged discriminatory action" with the CRD, *see id.* at 1061 n.3 (citing Cal. Gov't Code § 12960(d)), although the requirement is "subject to equitable doctrines such as waiver and tolling." *See id.* at 1061 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). Here, it is not clear whether Plaintiff ever filed a timely charge with the EEOC and/or CRD or, if he has not, whether he can do so now, over three years after his termination. It therefore appears likely that Plaintiff's claims are time-barred.

Third, Plaintiff's Complaint fails to allege factual allegations to support his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678. Plaintiff indicates he has "plenty of factual

evidence," (*see* Compl. at 3); while he need not include *all* of the facts and evidence underlying his claims at this time, he must allege sufficient facts for the Court plausibly to conclude that the City of San Diego racially discriminated against, harassed, or wrongfully terminated Plaintiff. *See Iqbal*, 556 U.S. at 678. To state a claim for racial discrimination, for example, Plaintiff must be able to plead facts showing

> (1) that the plaintiff belongs to a class of persons protected by Title VII[ of the Civil Rights Act of 1964]; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). This means that Plaintiff would need to allege some facts regarding his race, job performance, termination, how his employer treated him, and how his employer treated other employee(s) of other race(s). Such allegations are missing from the instant Complaint.

For all these reasons, the Court **DISMISSES** Plaintiff's Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff may be able to allege additional facts to cure the deficiencies noted above, however, the Court's dismissal is **WITHOUT PREJUDICE**, and Plaintiff **MAY FILE** an amended complaint within 60 days of the date of this Order. Any amended complaint must be complete by itself without reference to the original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). *If Plaintiff fails to file an amended complaint within sixty (60) days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted*

*pursuant to 28 U.S.C. § 1915(e)(2)(B) and his failure to prosecute in compliance with a Court Order requiring amendment. See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: September 21, 2026

Honorable Todd W. Robinson
United States District Judge